IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KANA FARRELL and ORIANA LEE FARRELL,
as an individual and O.B.O. her minor children
HEZEKIAH FARRELL, II, KUSH FARRELL,
MAGNIFICENT FARRELL,
and GILBRALTAR FARRELL,

    Plaintiffs,

v.                                                                                                     No. 15-cv-1113 SMV/KRS

TONY DETAVIS, ANTHONY LUNA,
ELIAS MONTOYA, NEW MEXICO STATE
POLICE DEPARTMENT, and JOHN DOES 1–3,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Amended Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) and Supporting Memorandum (the "Motion for Relief"), filed on September 24, 2021. [Doc. 90]. Officer Montoya filed a response on October 8, 2021, and Plaintiffs filed their Reply on December 10, 2021. [Docs. 91, 98]. Having considered the briefs, the record, and relevant law, and being otherwise fully advised in the premises, the Court finds that Plaintiffs' Motion for Relief is not well-taken and will be denied because there is no exceptional circumstance warranting relief under Rule 60(b)(6).

## BACKGROUND

The facts leading to the incident from which Plaintiffs' claims arose are set forth in detail in this Court's Memorandum Opinion and Order entered on August 30, 2016 [Doc. 69], and in *Farrell v. Montoya*, 878 F.3d 933 (10th Cir. 2017). In short, Plaintiff Oriana Farrell, driving a

minivan in which her five children were riding, was pulled over for speeding by Officer DeTavis. *Farrell*, 878 F.3d at 934–35. Officer DeTavis informed Ms. Farrell that he would issue a citation for going 71 mph in a 55-mph zone and that she had two options: pay a fine of $126 or go to Taos magistrate court. *Id*. Ms. Farrell repeatedly refused to choose an option. *Id*. When Officer DeTavis walked back to his car to notify dispatch of her refusal, Ms. Farrell drove away. *Id*. Officer DeTavis followed in his patrol car with his siren on, and Ms. Farrell pulled over again approximately one minute later. *Id*. Officer DeTavis ordered Ms. Farrell out of the minivan, but she refused for several minutes. *Id*. As the situation escalated, Officer DeTavis radioed for back up. *Id*. Eventually, Ms. Farrell got out of the minivan to talk to Officer DeTavis but then returned to the driver's seat despite Officer DeTavis's efforts to prevent her from getting back in the minivan. *Id*. While Officer DeTavis tried to prevent Ms. Farrell from getting in the minivan, some of Ms. Farrell's children got out of the minivan. *Id*. Ms. Farrell's 14-year-old son approached Officer DeTavis, and they scuffled. *Id*. When Ms. Farrell's son ran back to the minivan, Officer DeTavis followed, ordering him to get out of the minivan and on the ground. *Id*. Instead, the children closed the minivan's sliding door. *Id*. at 935–36.

Officer Montoya responded to Officer DeTavis's call for backup. *Id*. at 936. When he arrived, he

> exited his police cruiser, drew his gun, and faced the minivan. DeTavis raised his baton over his head and hit the rear passenger window four times, breaking it. Montoya moved behind the driver's side of the rear of the minivan. Just after DeTavis's baton hit the window a fourth time, the minivan began to drive away at a moderate speed. Montoya, straddling the white line delineating the road's shoulder, aimed his gun in the direction of the minivan and fired three shots. The minivan neither slowed nor stopped as the shots were fired.

*Id*. at 936. Officer Montoya's bullets did not strike Plaintiffs or the minivan. *Id*.

**PROCEDURAL HISTORY**

Plaintiffs filed a complaint in state court asserting 42 U.S.C. § 1983 ("§ 1983") claims against Defendants for violation of their constitutional rights by use of excessive force and failure to protect, as well as state law tort claims. [Doc. 69] at 7; [Doc. 1-1]. Among other allegations, Plaintiffs alleged that Officer Montoya used excessive force in violation of their Fourth Amendment rights when he fired at the minivan. [Doc. 1-1] at 7. Defendants removed the case to this Court and moved for summary judgment, arguing that they were entitled to qualified immunity. [Docs 1, 29].

This Court granted summary judgment in favor of Officer DeTavis, Officer Luna, and the New Mexico State Police Department. [Doc. 69] at 37. The Court granted in part and denied in part Officer Montoya's motion for summary judgment. *Id*. The Court held that Officer Montoya was entitled to qualified immunity as to two of Plaintiffs' claims, but that he was not entitled to qualified immunity for Plaintiffs' excessive force claim based on his firing at the minivan. *Id*. The latter ruling rested on the Court's conclusions that Plaintiffs were seized by Officer DeTavis when Ms. Farrell stopped the minivan the second time and that the seizure encompassed the time when Officer Montoya fired at the minivan. *Id*. at 14.

On appeal by Officer Montoya, the Tenth Circuit Court of Appeals reversed. The Court held, first, that Plaintiffs were not seized at the time that Officer Montoya fired his gun because they were driving away. *Farrell*, 878 F.3d at 938 (rejecting the argument that Plaintiffs "submitted to DeTavis when they pulled over (twice) before [Officer] Montoya arrived, creating a seizure that continued at least until [Officer] Montoya fired his gun"). The Court also held that Officer Montoya's gunshots did not effectuate a seizure because, "in fleeing, [Plaintiffs] were not

3

submitting to the officers." *Farrell*, 878 F.3d at 937. The Court relied on its decision in *Brooks v. Gaenzle*, in which it held that "a fleeing suspect was not seized even though he was struck by an officer's bullet because he continued to flee and did not submit to the officers pursuing him." *Id*. (summarizing the *Brooks* holding); *see Brooks v. Gaenzle*, 614 F.3d 1213, 1220–25 (10th Cir. 2010), *abrogated by Torres v. Madrid*, 141 S. Ct. 989 (2021). The Tenth Circuit concluded that, "[b]ecause [Plaintiffs] were not seized when Montoya fired his gun, there can be no excessive-force claim." *Farrell,* 878 F.3d at 938.

The Tenth Circuit Court of Appeals issued its decision reversing this Court's denial of Officer Montoya's motion for summary judgment on December 27, 2017. Plaintiffs did not appeal that decision and the Tenth Circuit issued a mandate to this Court on February 3, 2018. Consistent with the mandate, this Court granted summary judgment in favor of Officer Montoya and entered a final judgment dismissing all of Plaintiffs' federal claims on February 28, 2018. [Docs. 85–86]. Plaintiffs' state law claims were remanded to the state district court. [Docs. 86, 87].

In the Motion for Relief, Plaintiffs argue that relief is appropriate under Rule 60(b)(6) because the United States Supreme Court, in *Torres v. Madrid*,[1] "abrogated the rule of law [in *Brooks*] directly relied upon by the [Tenth] Circuit" to conclude that Officer Montoya's shots at the minivan did not constitute a seizure. [Doc. 90]. The issue in *Torres* was "whether a seizure occurs when an officer shoots someone who temporarily eludes capture after being shot." *Torres*, 141 S. Ct. at 993–94. Contrary to *Brooks*, the Supreme Court held that "[t]he application of physical force to the body of a person with intent to restrain is a seizure, even if the force does not succeed in subduing the person." *Id*.

---

[1] Filed on March 25, 2021.

4

Plaintiffs ask this Court to "set[ ]aside part of its [f]inal [j]udgment and afford the Plaintiffs the opportunity to have their claims evaluated through the elucidating prism of *Torres*." [Doc. 98] at 3.

## LEGAL STANDARD

Rule 60(b) provides that the court may relieve a party from a final judgment on grounds of mistake, inadvertence, surprise or excusable neglect, newly discovered evidence, or fraud, and when the judgment is void. Fed. R. Civ. P. 60(b)(1)–(5). In addition, "Rule 60(b)(6) allows federal courts to relieve a party from a judgment for any reason—other than those in the five enumerated preceding categories—'that justifies relief.'" *Johnson v. Spencer*, 950 F.3d 680, 700 (10th Cir. 2020) (quoting Fed. R. Civ. P. 60(b)(6)). The party seeking relief from judgment bears the burden to show that relief is warranted. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Although Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case," it is applicable only in "exceptional circumstances." *Johnson*, 950 F.3d at 700–01 (first quoting *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019), *as corrected* (Feb. 15, 2019), then quoting *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006)). "It is well established . . . that '[a] change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies relief' under Rule 60(b)." *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1244 (D. Kan. 2003) (quoting *Collins v. City of Wichita,* 254 F.2d 837, 839 (10th Cir. 1958)), *aff'd,* 111 F. App'x 611 (Fed. Cir. 2004); *Gonzalez*, 545 U.S. at 536 (stating that a change in law after a case is no longer pending is "hardly extraordinary"); *Crow Tribe of Indians v. Repsis*, No. 92-cv-1002-ABJ, 2021 WL 3185778, at *7 (D. Wyo. July 1, 2021) ("This [c]ourt cannot grant relief from judgment simply because the law it

applied has since been overruled in another unrelated proceeding."). The Tenth Circuit has approved departures from this rule only where the claims at issue were still pending[2] or there was a change in the law "arising out of the same [incident] as that in which the plaintiffs [seeking Rule 60(b)(6) relief] were injured." *Sindar v. Garden*, 284 F. App'x 591, 596 (10th Cir. 2008) (unpublished) (quoting *Pierce v. Cook & Co.,* 518 F.2d 720, 723 (10th Cir. 1975)). "Any broader rule would judicially abolish the concept of finality in litigation and make every lawsuit winner vulnerable to additional litigation if and when the law is changed." *Sproull v. Union Texas Prods. Corp.*, 944 F.2d 911 at *2 (10th Cir. 1991) (unpublished). When neither circumstance exists, a motion for Rule 60(b)(6) relief is properly denied. *Van Skiver v. United States*, 952 F.2d 1241, 1245 (10th Cir. 1991).

## DISCUSSION

The Court will deny Plaintiffs' Motion. This Court's judgment dismissing Plaintiffs' claims against Officer Montoya was final well before *Torres* was decided, and Plaintiffs' claims did not arise from the same incident addressed in *Torres*. Hence, there is no extraordinary circumstance warranting relief under Rule 60(b)(6). *See Johnston v Cigna Corp.*, 14 F.3d 486, 497 (10th Cir. 1994) (denying Rule 60(b)(6) relief where a change in the law "did not arise out of a . . . factually-related incident"); *Sindar*, 284 F. App'x at 595–96 (affirming the district court's denial of Rule 60(b)(6) relief even though the rule of law on which the district court and the Tenth

---

[2] *See, e.g., Adams v. Merrill Lynch, Pierce, Fenner & Smith*, 888 F.2d 696, 702 (10th Cir. 1989) (affirming the district court's grant of Rule 60(b)6) relief based on a change of law where the claims were still pending before the district court); *Wilson v. Al McCord Inc.*, 858 F.2d 1469, 1478 (10th Cir. 1988) (remanding for a new trial where dispositive state law had changed in a case with "facts indistinguishable from the case at bar" during the pendency of the appeal); *cf. Robinson v. Volkswagen of Am., Inc.*, 803 F.2d 572, 574 (10th Cir. 1986) (stating that, in cases affirming denial of Rule 60(b)(6) relief, "final judgment had been reached, and the cases were no longer pending before the federal courts").

Circuit Court of Appeals relied had been abrogated by the United States Supreme Court); *Jones v. Ferguson Pontiac Buick GMC, Inc.*, No. CIV-07-0834-HE, 2009 WL 10695028, at *1–2 (W.D. Okla. Sept. 30, 2009) (denying Rule 60(b)(6) relief where "[t]he change in the law upon which the plaintiff relie[d in his motion for relief] was not in a related case and occurred after" the judgment became final), *aff'd,* 374 F. App'x 787 (10th Cir. 2010).

Because extraordinary circumstances do not warrant relief under Rule 60(b)(6), the Court need not and will not address the merits of Plaintiffs' arguments based on *Torres*. *See Van Skiver*, 952 F.2d at 1243 (declining to address the merits of a motion for relief where the plaintiff had not demonstrated that extraordinary circumstances justified relief).

## CONCLUSION

Generally, a change in law does not justify relief from judgment under Rule 60(b)(6). The Tenth Circuit Court of Appeals recognizes only two exceptions to this rule, neither of which applies here. Plaintiffs' Motion for Relief must be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Relief from Judgment Pursuant to Fed.R.Civ. P. 60(b)(6) is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**